UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 05-90040 |
| | : | CHAPTER 7 |
| LAUREL MARIE STIDHAM, DEBTOR | : | |

MEMORANDUM AND ORDER

Laurel Marie Stidham ("Debtor") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on November 21, 2005. For bankruptcy cases filed after October 17, 2005, certain new requirements are imposed by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Included are requirements for education both before and after the filing of a bankruptcy Petition.

Mandatory Prebankruptcy Credit Counseling

An individual is ineligible to be a debtor under Title 11 unless, within 180 days preceding the filing, the debtor received from an approved, nonprofit budget and credit counseling agency a briefing that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis. 11 U.S.C. §109(h)(1).

Mandatory Postfiling Financial Management Course

The BAPCPA requires an individual debtor to complete an instructional course concerning personal financial management after filing the Petition in order to obtain a discharge in a Chapter 7 case. 11 U.S.C. §727(a)(11). An individual who fails to complete an instructional course concerning personal financial management shall not be granted a discharge. Id.

<u>Discussion</u>

Debtor completed the credit counseling requirement on October 20, 2005 as evidenced by Certificate Number 421689 issued by the Advantage Credit Counseling Service ("ACCS").

At Document No. 3 on the docket, Debtors filed DEBTOR'S CERTIFICATION OF COMPLETION OF INSTRUCTIONAL COURSE CONCERNING PERSONAL FINANCIAL MANAGEMENT (the "Certification"). Debtor indicates that, "I, Laurel Marie Stidham, the debtor in the above-styled case hereby certify that on October 20, 2005, I completed an instructional course in personal financial management provided by Advantage Credit Counseling Service, an approved personal financial management instruction provider."

Debtor does not understand that the two educational requirements represent two distinct requirements with different timing. The credit counseling requirement must be completed prior to the bankruptcy filing in order for an individual to be eligible to file a bankruptcy Petition. The financial management course must be completed "after filing the petition," 11 U.S.C. §727(a)(11), in order to be eligible to receive a discharge.

There are two problems with Debtor's Certification. Debtor filed this bankruptcy Petition on November 21, 2005. The Certification indicates that Debtor completed her financial management course on October 20, 2005, prior to the filing date. The financial management course must be completed "after filing the petition." 11 U.S.C. §727(a)(11). Further, the certificate from Advantage Credit Counseling service indicates that they have only provided credit counseling service to the Debtors to satisfy the first educational requirement and have not provided the Debtors a financial management course to satisfy the second educational requirement.

It is therefore ORDERED that Debtor's Certification is stricken and it is FURTHER

ORDERED that Debtors shall timely complete a course on financial management and file an

Amended Certification with evidence of completion of the course.

December ___16___, 2005

                                            _____/s/_____
                                            Warren W. Bentz
                                            United States Bankruptcy Judge

c:  J. Wesley Rowden, Esq.